The executors pleaded to the jurisdiction of the court that the (352) lands lay in Tennessee, the courts of which State could alone take cognizance of such a claim.
Though it may be admitted that the decree of this Court cannot act directly upon lands, yet its power may be exercised over all those persons who are in its jurisdiction. So that if a decree should be made ordering a conveyance, the party disobeying it might be attached for the contempt. It seems to be a well settled principle that any contract made or equity arising between parties in one country respecting lands in another will be enforced in the chancery courts of that country where the parties reside, or can be brought within the jurisdiction of the court. 1 Eq. Ab., 133; 1 Vern., 75, 135, 419; 3 Atk., 589; 3 Vesey, Jr., 170.
To these cases may be added a decision made by the late ChancellorWythe, in Virginia, which may be cited as equal in point of authority if not superior to any of the British decisions, from the luminous and conclusive reasoning on which that upright and truly estimable judge founds it,
Clarum et venerabile nomen.
His words are: "The fourth question is, whether a court of equity in this Commonwealth can decree the defendants, who are within its jurisdiction, to convey to the plaintiffs lands which are without its jurisdiction.
"The power of that court being exercisable generally over persons, they must be subject to the jurisdiction of the court; and, moreover, the acts which they may be decreed to perform must be such as, if performed within the limits of that jurisdiction, will be effectual.
"That the defendants are subject to the jurisdiction of the court, and amenable to its process, hath not been denied; and that a charter of feoffment containing a power of attorney to deliver seizin, a deed of bargain and sale, deeds of lease and release, or a covenant to stand seized, executed in Virginia, would convey the inheritance of lands in *Page 274 
North Carolina as effectually as the like acts executed in that State would convey such inheritance, hath not been denied, and is presumed, until some law there to the contrary be shown, because the place where (353) a writing is signed, sealed and delivered, in the nature of the thing, is unimportant.
"If an act performed by a party in Virginia, who ought to perform it, will be effectual to convey lands in North Carolina, why may not a court of equity in Virginia decree that party, regularly brought before that tribunal, to perform the act?
"Some of the defendants' counsel supposed that such a decree would be deemed by our brethren of North Carolina an invasion of their sovereignty. To this shall be allowed the force of a good objection if those who urge it will prove that the sovereignty of that State would be violated by the Virginia court of equity decreeing a party within its jurisdiction to perform an act there, which act, voluntarily performed anywhere, would not be such a violation.
"The defendants' counsel objected, also, that the court cannot, in execution of its decree, award a writ of sequestration against the lands in North Carolina, because its precepts are not authoritative there. But this, which is admitted to be true, doth not prove that the court cannot make the decree; because, although it cannot award such writ of sequestration, it hath power confessedly to award an attachment for contempt in refusing to perform the decree. This remedy may fail, indeed, by the removal of the defendants out of the court's jurisdiction, yet such a removal after the party had been cited is not an exception which can be interposed to prevent a decree. A court of common law may enter up a judgment against him who, by removal of his goods and chattels with himself, after having pleaded to the declaration, or after having been arrested, rendereth vain a ca sa. or a fifa.
"From a contrary doctrine to that now stated and believed to be correct may result both inconvenience and a failure of justice.
"1. A man agrees to sell to another, or holds in trust for another, lands in Georgia, Kentucky, or one of the new states northwest of the Ohio, but he cannot be decreed to execute the agreement, or to fulfill the trust, by any tribunal but that in one of those countries, (354) several hundred miles distant from the country ex gra, North Carolina, in which both parties, and the witnesses to prove matters of fact controverted between them, reside; like and greater inconveniences may happen in numberless other cases; whereas a case can rarely if ever occur the discussion of which can be so convenient to the defendant in any other as in his own country.
"2. An agent employed to purchase lands for people intending to emigrate to America, or for others, having laid out the money deposited *Page 275 
for that purpose with him by them, and having taken conveyances to himself, or to a friend for his use, refuseth not only to make title to his constituents, but also to discover the lands purchased. They meet with him in one of the state, and in the court of equity there file a bill against him, praying for a discovery and a decree for conveyance; he excepts to the jurisdiction of the court as to any lands not lying within that State, and denieth by answer that any lands within that State were purchased by him for the plaintiffs; which was true. The bill in such case, according to the doctrine of the defendants' counsel in the principal case, must be dismissed, and this must be the fate of every other bill until he shall have the good fortune to find out in what State the lands purchased are; and if they be in several states, a bill must be filed in every one. If to this be said the court may compel a discovery, though they proceed no further, the answer is that this is directly the reverse of the rule in the court of equity, viz., that the court, when it can compel a discovery, will complete the remedy, without sending the party elsewhere for that purpose, and decree to be done what ought to be done in consequence of the discovery." Wythe's Rep., 143; Farley v. Shippen.
We have transcribed thus largely from the work of the chancellor because it is not in every library, and the discussion of the question, which is new in this Court, being the most able and copious we have anywhere met with, cannot fail to be instructive to the student and acceptable to the practitioner, who will both be disposed to allow that the excellence of the matter atones for the length of the extract. (355)
Plea overruled, with costs.
NOTE. — See Blount v. Blount, 8 N.C. 365; Boyd v. Hawkins, 17 N.C. 329.